**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 19-2181 (KBJ) |
| U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., | ) ) ) | (consolidated with 19-2198 and 19-3270) |
| Defendants. | ) ) ) | |

**MOTION FOR LEAVE TO FILE SUR-REPLY**

Defendants Environmental Protection Agency and Administrator Andrew Wheeler respectfully move this Court for leave to file a surreply in opposition to Plaintiffs' Cross-Motion for Partial Summary Judgment in civil action number 19-3270, one of the cases in this consolidated action.  "The district court routinely grants such motions when a party is 'unable to contest matters presented to the court for the first time' in the last scheduled pleading."  *Ben-Kotel v. Howard Univ.*, 319 F.3d 532, 536 (D.C. Cir. 2003) (quoting *Lewis v. Rumsfeld*, 154 F. Supp. 2d 56, 61 (D.D.C. 2001)); *Alexander v. F.B.I.*, 186 F.R.D. 21, 52 (D.D.C. 1998) ("Because plaintiffs have presented new evidence before the court . . . , good cause exists to permit [defendant] to file a surreply addressing the contents of this filing."); *Am. Vanguard Corp. v. Jackson*, 803 F. Supp. 2d 8, 13 (D.D.C. 2011) (plaintiff was permitted to file a surreply where new evidence was submitted in the agency's reply); *accord Flanagan v. Wyndham Int'l Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005). Because Plaintiffs' reply included new evidence in favor of Plaintiffs' summary judgment motion, a short surreply is appropriate.

Plaintiffs have filed the Second Declaration of Stuart Wilcox, ECF No. 31-1, and seven

supporting exhibits with their Reply in Support of Plaintiffs' Cross-Motion for Partial Summary Judgment ("Reply"), ECF No. 31.  Plaintiffs have also relied on that declaration and those exhibits to make an argument in their reply that they had not previously made.  Specifically, Plaintiffs argue throughout their reply that their new exhibits show that "EPA withheld allegedly nonresponsive portions of responsive records from EcoRights mere days before it filed its brief in this case." Reply at 12-13 (describing this as "the most damning piece of information"); *see also id*. at 14 ("Now that EPA has withheld records from EcoRights on responsiveness grounds, EPA cannot dispute that it has shown standing or indeed that it did not have standing before based on imminent harm[.]"); *id*. at 15-16.  Plaintiffs contend that their new evidence supports their claim that EPA's FOIA regulations authorize EPA personnel to withhold portions of responsive records on grounds of non-responsiveness. *See id*. at 12-13.  Plaintiffs also cite evidence that they claim supports their argument that EPA's centralization of FOIA intake "has already begun causing delays."  Reply at 4 (citing Second Wilcox Declaration).  And Plaintiffs cite still further evidence that they argue indicate "that several of [Plaintiffs'] FOIA requests have been subject to 'awareness review'" at EPA."  *Id*.  Because Plaintiffs' evidence was submitted for the first time with Plaintiffs' reply, Defendants have not had an opportunity to address it.

Where, as here, "'[a] moving party submits in a reply brief new reasons and evidence in support of its motion for summary judgment' . . . the district court should allow the nonmoving party an opportunity to respond, particularly where the court's decision relies on new evidentiary submissions." *Mirando v. Dep't of the Treas.*, 766 F.3d 540, 548 (6th Cir. 2014). The proposed sur-reply memorandum submitted herewith and the declarations and exhibits attached constitute Defendants' response to Plaintiffs' submission of "'new reasons and evidence in support of [their] motion for summary judgment.'"  *See id*.  Because the short sur-reply would be "helpful to the

adjudication of the motion" and Plaintiffs would not "be unduly prejudiced if the court grants leave to allow the sur-reply," leave should be granted here. *Akers v. Beal Bank*, 760 F. Supp. 2d 1, 3 (D.D.C. 2011).

Whether to grant or deny leave to file a surreply is ultimately "committed to the sound discretion of the court." *Id.* (internal quotation omitted). The Court's exercise of that discretion, like any use of its inherent powers, "should reflect our judicial system's strong presumption in favor of adjudications on the merits." *Shepherd v. Am. Broad. Cos., Inc.*, 62 F.3d 1469, 1475 (D.C. Cir. 1995). If the Court wishes to consider the documents that Plaintiffs submitted with their Reply, it should do so with an understanding of Defendants' view on the subject, which the surreply would provide.

Counsel for Defendants conferred with counsel for Plaintiffs in case number 19-3270, who indicated that Plaintiffs oppose the relief requested in this motion.

A proposed order consistent with this motion is also attached.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

/s/ *Joshua Kolsky*_____
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Attorneys for Defendant*

3