# EXHIBIT A

**SETTLEMENT AGREEMENT**

This Settlement Agreement ("Settlement Agreement") is entered into between Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW"), Plaintiff Center for Biological Diversity ("CBD"), Plaintiff Environmental Integrity Project ("EIP") (collectively, "Plaintiffs"), Defendant United States Environmental Protection Agency ("EPA) and Defendant Michael S. Regan, Administrator of the EPA (collectively, "Defendants") to resolve all of the claims in *Citizens for Responsibility and Ethics in Washington v. U.S. EPA, et al.*, No. 19-2181 (D.D.C.) and *Center for Biological Diversity, et al. v. U.S. EPA*, No. 19-2198 (D.D.C.) without the need for further litigation and without any admission of liability. Plaintiffs and Defendants are referred to herein as the "Parties." *Citizens for Responsibility and Ethics in Washington v. U.S EPA, et al.*, No. 19-2181 (D.D.C.) and *Center for Biological Diversity, et al. v. U.S. EPA*, No. 19-2198 (D.D.C.) are collectively referred to as the "Cases."

The Parties do hereby settle all claims, issues, complaints, and actions described in these Cases, and any and all other claims, issues, complaints, or actions that have been or could have been asserted by Plaintiffs against Defendants in accordance with the following terms and conditions:

1. **Consideration by Defendants:** In consideration for Plaintiffs' agreement to dismiss their claims with prejudice set forth herein, Defendants agree as follows:

    a. Within nine months after execution of this Settlement Agreement, EPA shall sign a notice of proposed rulemaking ("NPRM") in which EPA will propose revising the text of 40 C.F.R. § 2.103(b). After signature, EPA shall promptly submit the NPRM to the Office of Federal Register for publication. The proposed revised text shall be determined by EPA at its sole discretion. The NPRM will solicit public comment on EPA's proposed revisions to the text of 40 C.F.R. § 2.103(b). The NPRM will also solicit public comment on whether EPA should reinstate any Freedom of Information Act ("FOIA") request submission method that was removed from 40 C.F.R. § 2.101(a) by the Freedom of Information Act Regulations Update, 84 Fed. Reg. 30,028 (June 26, 2019). The NPRM may, at EPA's sole discretion, propose or finalize

1

additional changes to EPA's FOIA Regulations, 40 C.F.R. Part 2.  Except as otherwise specified herein, the content of the NPRM shall be determined by EPA at its sole discretion.

      b. Within ten months after EPA signs the NPRM, EPA shall sign a notice of final action ("NFA") regarding the NPRM.  After signature, EPA shall promptly submit the NFA to the Office of Federal Register for publication.  The contents of the NFA shall be determined by EPA at its sole discretion.  The NFA may, at EPA's sole discretion, be a final rule.

      c. EPA agrees to pay CBD and EIP the total sum of two-thousand five hundred dollars ($2,500), which is inclusive of any and all attorney's fees and costs in these Cases.  Payment of this money will be made by electronic funds transfer after this Settlement Agreement is executed by all the signatories and after receipt of necessary information from counsel for CBD and EIP in order to effectuate the payment.  Defendant will make all reasonable efforts to make payment within sixty (60) days of the date that Plaintiffs' counsel provides the necessary information for the electronic funds transfer, but cannot guarantee payment within that time frame.

The items set forth in subparagraphs (a) through (c) above constitute all relief to be provided through this Settlement Agreement, including all damages or other monetary relief, equitable relief, declaratory relief, or relief of any form, including but not limited to, attorneys' fees and costs.

    2.    **Dismissal with Prejudice.**  Contemporaneously with the execution of the Settlement Agreement by all Parties, Plaintiffs will file with the Court a Stipulation of Dismissal with Prejudice of these Cases pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and Proposed Order in the form of Exhibit A.

    3.    **Release.** In consideration of the promises of Defendants set forth in this Settlement Agreement, Plaintiffs hereby release, waive, acquit, and forever discharge Defendants from, and are hereby forever barred and precluded from prosecuting, any and all claims, causes of action, or requests for any monetary, declaratory, and/or injunctive relief (whether in

administrative or judicial proceedings) that have been or could have been asserted in these Cases with respect to, in connection with, or which arise out of, the allegations in these Cases.

4. **No Admission of Liability.**  This Settlement Agreement is not and shall not be construed as an admission by Defendants of the truth of any allegation or the validity of any argument or claim asserted in the Cases, or of Defendants' liability therein.  Furthermore, the Parties shall not offer into evidence the terms of the Settlement Agreement in any civil, criminal or administrative action or proceeding other than proceedings that may be necessary to consummate or enforce this Settlement Agreement or to argue that the Settlement Agreement renders other pending legal claims moot.  The terms of this Settlement Agreement shall not be construed as an admission by Defendants that the consideration to be given hereunder represents relief that could be recovered through litigation.  Defendants deny that they violated the Administrative Procedure Act, the Freedom of Information Act, or any other law, and maintain that all actions taken by Defendants with respect to Plaintiffs fully comply with the law.  Defendants further maintain that they are entering into this Settlement Agreement solely for the purposes of compromise and to avoid the burden and expense of further litigation.  This agreement does not constitute, and shall not be construed as, an admission of liability or fault by any Party.

5. **Entire Agreement**.  This Settlement Agreement contains the entire agreement between the Parties, and the Parties acknowledge and agree that no promise or representation not contained in this Settlement Agreement has been made to them, and they acknowledge and represent that this Settlement Agreement contains the entire understanding between the Parties, and contains all terms and conditions pertaining to the compromise and settlement of the disputes referenced herein.  No statement, remark, agreement, or understanding, oral or written, that is not contained herein shall be recognized or enforced, nor does this Settlement Agreement reflect any agreed-upon purpose other than the desire of the Parties to reach a full and final conclusion of the Cases and to resolve the Cases without the time and expense of further litigation.

6. **Amendments; Waivers.** This Settlement Agreement cannot be modified or amended except by an instrument in writing, agreed to and signed by the Parties or their counsel, nor shall any provision hereof be waived other than by a written waiver, signed by the Parties or their counsel. Express waiver of any one provision shall not be deemed a waiver of any other provision.

7. **Binding Nature of Settlement Agreement.** This Settlement Agreement shall be binding upon and inure to the benefit of the Plaintiffs and the Defendants and their respective heirs, executors, successors, assigns, entities, and personal representatives, including any person, entity, department, or agency succeeding to the interests or obligations of any party hereto, or having an interest herein.

8. **Limited Retention of Jurisdiction Over Settlement Agreement.** The Parties hereby stipulate and agree that the Court should retain jurisdiction only over disputes regarding paragraph 1 above, and enter a final judgment otherwise dismissing the Cases with prejudice. Accordingly, as set forth in Exhibit A, the effectiveness of Plaintiffs' stipulation of dismissal with prejudice is expressly contingent on the Court's entry of an order retaining jurisdiction for the limited purpose described herein. The Parties agree that the Court will not retain jurisdiction over any other part of this Settlement Agreement, and they agree not to bring any motion to enforce any provision other than paragraph 1. The Parties agree that the Court shall have no jurisdiction to supervise, monitor, or issue orders in the Cases, except to the extent that Plaintiffs invoke the Court's jurisdiction pursuant to the procedures in paragraph 9 below.

9. **Enforcement.**

(a) If Plaintiffs believe that Defendants have violated the terms of paragraph 1 of this Settlement Agreement, they may file a motion to enforce or for other relief based on that violation. Defendants reserve all rights to oppose such a motion, including by arguing that they have not violated the Settlement Agreement. Before filing a motion seeking relief with respect to a violation of the terms of paragraph 1 of this Settlement Agreement, Plaintiffs must specify in

writing to Defendants' counsel[1] the alleged violation together with all evidence supporting such alleged violation and provide Defendants at least 21 days' notice to investigate the allegations and, if appropriate, to cure the violation. During this time, the Parties will meet and confer in good faith in an attempt to resolve this disagreement.

(b) Plaintiffs may not file a motion seeking relief with respect to a violation of the terms of paragraph 1 of this Settlement Agreement unless they have provided notice of any alleged breach by Defendants within thirty (30) calendar days of Plaintiffs receiving notice of, or becoming aware of, the alleged breach. Plaintiffs' right to seek relief as to any assertion of breach of this Settlement Agreement shall terminate thirty (30) calendar days after publication in the Federal Register of the NFA described in paragraph 1(b) above.

10. **Execution.** This Settlement Agreement may be executed in counterparts, each of which shall be deemed an original, and all of which together shall be deemed one and the same instrument. Facsimiles and electronic versions of signatures shall constitute acceptable, binding signatures for purposes of this Settlement Agreement.

11. **Rule of Construction**. The Parties through their counsel have negotiated the terms of this Settlement Agreement. Any rule of construction providing that ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Settlement Agreement. This Settlement Agreement shall be construed as if drafted by both Parties.

12. **Tax and Other Consequences.** Compliance with all applicable federal, state, and local tax requirements shall be the sole responsibility of Plaintiffs and their counsel. Plaintiffs and Defendants agree that nothing in this Settlement Agreement waives or modifies federal, state, or local law pertaining to taxes, offsets, levies, and liens that may apply to this Settlement Agreement or the settlement proceeds, and that Plaintiffs are executing this

---

[1] Written notice must be provided to Joshua Kolsky (joshua.kolsky@usdoj.gov), Marcia Berman (marcia.berman@usdoj.gov), Joan Kaminer (kaminer.joan@epa.gov), Charlotte Youngblood (youngblood.charlotte@epa.gov), and Kevin Miller (miller.kevin@epa.gov).

Settlement Agreement without reliance on any representation by Defendants as to the application of any such law.

15. **No Assignment.**  Plaintiffs represent and warrant that they are the sole and lawful owners of all right, title and interest in and to every claim and other matter which they purport to release herein, and that they have not heretofore assigned or transferred, or purported or attempted to assign or transfer to any person or entity any claims or other matters herein released.  Plaintiffs shall indemnify Defendants, and any of their departments, components and current or former employees, whether in their official or individual capacities, against, and defend and hold harmless from, any claims arising out of or relating to any such assignment or transfer of any claims or other matters released herein.

14. **Headings.**  The headings in this Settlement Agreement are for the convenience of the Parties only and shall not limit, expand, modify, or aid in the interpretation or construction of this Settlement Agreement.

15. **Severability.**  The provisions of this Settlement Agreement shall be deemed severable, and any invalidity or unenforceability of any one or more of its provisions shall not affect the validity or enforceability of the other provisions herein.

16. **Authorization.**  The Parties hereby warrant, represent, and guarantee that the person(s) executing this Settlement Agreement on their behalves are fully authorized to execute, deliver and perform this Settlement Agreement.

17. **Agency Discretion; Compliance With Other Laws.**  Nothing in this Settlement Agreement shall be construed to limit or modify the discretion accorded EPA by the Administrative Procedure Act or by general principles of administrative law.  Further, EPA's obligations under this Settlement Agreement are subject to the availability of appropriated funds applicable for such purpose. No provision of this Settlement Agreement shall be interpreted as or constitute a commitment or requirement that EPA obligate or pay funds in contravention of the Anti-Deficiency Act, 31 U.S.C. § 1341, or take any action in contravention of the Administrative Procedure Act or any other law or regulation, either substantive or procedural.

18.     **Extension of Deadlines.** EPA and Plaintiffs recognize that circumstances outside the reasonable control of EPA could delay EPA's ability to comply with the obligations contained in this Settlement Agreement. Such circumstances include a catastrophic environmental disaster requiring an immediate or highly time-consuming response by relevant offices of EPA, or a lapse in appropriations by Congress resulting in a government shutdown. Should such a delay occur because of an EPA shutdown within one hundred twenty (120) days prior to a deadline set forth in this Settlement Agreement, such deadline shall be extended automatically one day for each day of the shutdown. Should a delay occur due to a catastrophic environmental disaster within one hundred twenty (120) days prior to a deadline set forth in this Settlement Agreement, such deadline shall be extended automatically for fourteen (14) days. If EPA invokes this paragraph because of a catastrophic environmental disaster, EPA will provide Plaintiffs with written notice as soon as is reasonably possible and will provide Plaintiffs with an explanation of EPA's basis for invoking this paragraph.

February 10, 2022

Nikhel S. Sus
(D.C. Bar No. 1017937)
Citizens for Responsibility and Ethics in Washington
1331 F St. NW, Suite 900
Washington, DC 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org

*Attorney for Plaintiff Citizens for Responsibility and Ethics in Washington*

Margaret E. Townsend (DC Bar No. OR0008)
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374

Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiff Center for Biological Diversity and Environmental Integrity Project*

BRIAN D. NETTER
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

/s/ Joshua M. Kolsky
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice
Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Attorneys for Defendants*

# Exhibit A

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON, ) ) ) Plaintiff, ) ) v. ) ) U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., ) ) ) Defendants. ) ) | Civil Action No. 19-2181 (FYP) (consolidated with 19-2198 and 19-3270) |

### STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Plaintiffs and Defendants in case numbers 19-2181 and 19-2198 hereby stipulate to the dismissal with prejudice of case numbers 19-2181 and 19-2198 in accordance with the parties' settlement agreement, attached hereto as Exhibit A. Per that agreement, the effectiveness of this stipulation is contingent on this Court's entry of an order retaining jurisdiction over case numbers 19-2181 and 19-2198 to enforce paragraph 1 of the parties' settlement agreement. A proposed order is attached. This stipulation does not impact case number 19-3270.

Respectfully submitted,

BRIAN D. NETTER
Deputy Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director, Federal Programs Branch

/s/ *Joshua Kolsky*
JOSHUA M. KOLSKY
Trial Attorney
D.C. Bar No. 993430
United States Department of Justice

Civil Division, Federal Programs Branch
1100 L Street NW Washington, DC 20005
Tel.: (202) 305-7664
Fax: (202) 616-8470
E-mail: joshua.kolsky@usdoj.gov

*Attorneys for Defendant*

*/s/ Nikhel S. Sus*
Nikhel S. Sus
(D.C. Bar No. 1017937)
Citizens for Responsibility and Ethics in Washington
1331 F St. NW, Suite 900
Washington, DC 20004
Telephone: (202) 408-5565
Fax: (202) 588-5020
nsus@citizensforethics.org

*Attorney for Plaintiff Citizens for Responsibility and Ethics in Washington*

*/s/ Margaret E. Townsend*
Margaret E. Townsend (DC Bar No. OR0008)
Amy R. Atwood (D.C. Bar No. 470258)
Center for Biological Diversity
P.O. Box 11374
Portland, OR 97211-0374
(971) 717-6409
mtownsend@biologicaldiversity.org

*Attorneys for Plaintiff Center for Biological Diversity*

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON**, <br><br> Plaintiff, <br><br> v. <br><br> **U.S. ENVIRONMENTAL PROTECTION AGENCY**, et al., <br><br> Defendants. | Civil Action No. 19-2181 (FYP) <br><br> (consolidated with 19-2198 and 19-3270) |

### [PROPOSED] ORDER

In accordance with the parties' Stipulation of Dismissal with Prejudice, it is hereby

ORDERED that the Court shall retain jurisdiction over case numbers 19-2181 and 19-2198 for the limited and exclusive purpose, if necessary, of enforcing paragraph 1 of the parties' settlement agreement pursuant to the procedures specified in the settlement agreement. It is further

ORDERED that case numbers 19-2181 and 19-2198 are CLOSED.

SO ORDERED.

                                                                                            _____

                                                                                            Florence Y. Pan
                                                                                            U.S. District Judge

                                                                                            DATED: